**In re CROWN CASTLE INTERNATIONAL CORP., Relator.**

**No. 14–07–00460–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 29, 2008.

Marie R. Yeates, D. Gibson Walton, Catherine B. Smith, Jean C. Frizzell, Jeffry Joe Cotner, Laura Jann Kissel, Houston, TX, for appellants.

Brian Robbins, San Diego, CA, Roger B. Greenberg, Steven R. Rech, Houston, TX, for appellees.

Panel consists of Chief Justice HEDGES and Justices GUZMAN and BOYCE.

## OPINION

ADELE HEDGES, Chief Justice.

In this original proceeding, relator, Crown Castle International Corp., seeks a writ of mandamus ordering the respondent, the Honorable Reece Rondon, presiding judge of the 234th District Court, Harris County, to vacate its May 8, 2006 order to the extent that it denies Crown Castle's motion for protective order and fails to stay discovery pending real parties' in interest, Edward Britt, Dwight Jones, Dina Michelle, Kent Szabo, and Kritsy Lynch (the "shareholders"), having sufficiently pleaded that presuit demand on the corporation is excused. We conditionally grant the writ.

## Background

In the underlying shareholder derivative suit, the shareholders seek to stand in the shoes of Crown Castle and assert claims on its behalf. Crown Castle, a Delaware corporation with its principal corporate office in Houston, owns, operates, and leases towers for wireless communications in the United States, Puerto Rico, and Australia. The shareholders allege that certain Crown Castle officers and directors breached their fiduciary duties by backdating stock options grants, between 1998 and 2001, to coincide with low closing prices of Crown Castle's common stock without disclosing such practice to the public.[1] The shareholders seek damages allegedly suffered by, and owed to, Crown Castle.[2]

On March 5, 2007, Crown Castle filed special exceptions to the shareholders' consolidated petition. Crown Castle (1) pointed out that the shareholders did not make demand on its board of directors, and (2) asserted that the shareholders did not allege particularized facts in their petition demonstrating that at the time their lawsuit was filed, a majority of directors could not impartially evaluate the shareholders' claims and decide upon the best course of action for the corporation.[3]

The shareholders served discovery on Crown Castle, which objected on the basis that such discovery (1) is premature and improper at least until the shareholders establish they are excused from making a litigation demand on the board; (2) is not relevant, and is unduly burdensome and

---

1. The individual defendants are Peter G. Abery, Wesley D. Cunningham, Carol Ferenbach, Ari Q. Fitzgerald, Robert E. Giles, Charles C. Green, III, Randall A. Hack, Dale N. Hatfield, E. Blake Hawk, Lee W. Hogan, Kelly (Cole) Hunter, Edward C. Hutcheson, Jr., David L. Ivy, John P. Kelly, J. Landis Martin, Robert F. McKenzie, Ted B. Miller, Jr., W. Benjamin Moreland, Alan Reese, and Edward W. Wallander.

2. Five derivative shareholder lawsuits were filed, making the same allegations. Those petitions were consolidated into a single matter, and the shareholders filed a consolidated derivative petition on February 2, 2007.

3. The individual defendants joined in Crown Castle's special exceptions.

vague; (3) is available to the shareholders through other means; and (4) seeks documents that are privileged or outside the possession and control of the company.

On April 4, 2007, Crown Castle filed a motion for protective order, asserting that until the trial court resolves whether the shareholders have standing to prosecute the derivative suit, any discovery is improper and premature.[4] On April 18, 2007, the shareholders moved to compel discovery, arguing that the filing of special exceptions will not toll or abate discovery, and suggesting that "some of the particular discovery produced will shed light on the very issue complained of" in Crown Castle's special exceptions.

On April 24, 2007, the trial court held a hearing on the special exceptions and the discovery issue. By orders dated May 8, and May 29, 2007, the trial court granted Crown Castle's special exceptions and ordered the shareholders to replead their demand futility allegations with more particularity within 30 days after the discovery date. The trial court also overruled Crown Castle's objection that it was not obligated to respond to discovery until the shareholders had adequately pleaded demand futility, and ordered Crown Castle to produce the discovery by June 1, 2007.[5] The trial court further ordered that if Crown Castle filed a petition for writ of mandamus by the June 1 deadline, the order would automatically be stayed and abated pending the mandamus proceedings.

### Standard of Review

■ In order to obtain mandamus relief, the relator must show that the trial court

clearly abused its discretion as to which the relator has no adequate remedy by appeal. *In re Sw. Bell Tele. Co., L.P.*, 226 S.W.3d 400, 403 (Tex.2007) (orig.proceeding). The trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding).

### Demand Futility Under Delaware Law

■ Because Crown Castle was incorporated in Delaware, the parties do not dispute that Delaware substantive law applies in this case. Delaware law limits a shareholder's right to prosecute a derivative suit in cases where (1) the shareholder has demanded that the directors pursue the corporation's claim, but the directors have wrongfully refused to do so, or (2) demand is excused because the directors are incapable of making an impartial decision regarding such litigation. *Rales v. Blasband*, 634 A.2d 927, 932 (Del.1993). Specifically, presuit demand is excused if the derivative complaint pleads particularized facts creating a reasonable doubt that (1) the directors are disinterested and independent, or (2) the challenged transaction was the product of a valid exercise of business judgment. *Aronson v. Lewis*, 473 A.2d 805, 814 (Del.1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del.2000). If either of the two prongs is satisfied, demand is excused. *In re J.P. Morgan Chase & Co. S'holder Litig.*, 906 A.2d 808, 820 (Del.Ch.2005), *aff'd*, 906 A.2d 766 (Del.2006).

### Abuse of Discretion

Crown Castle asserts that the trial court abused its discretion in ordering discovery

---

4. The individual defendants joined in Crown Castle's motion for protective order.

5. The trial court's orders specifically did not address Crown Castle's other objections, but,

instead, stated that Crown Castle could set its other objections for a hearing subject to the automatic stay.

because the shareholders have not pleaded, under Delaware law, particularized facts showing that presuit demand on the board would have been futile. The shareholders, on the other hand, maintain that Texas law governs discovery because (1) discovery is a matter of procedure falling within the Texas Rules of Civil Procedure,[6] and (2) the law of the forum always governs procedural issues, regardless of what state's law governs the substantive issues.[7]

Section 21.562 of the Texas Business Organizations Code [8] is a recodification of Article 5.14(K) of the Texas Business Corporations Act.[9] The texts of these two statutes are essentially identical and the result in our case is the same regardless of which statute is applied.[10] With an inapplicable exception, the Business Organizations Code does not apply to existing domestic or foreign corporations until January 1, 2010. See Act of May 29, 2003, 78th Leg. R.S., ch. 182, § 1, 2003 Tex. Gen. Laws 592. A corporation may elect early adoption. See id. There is no evidence in the record that Crown Castle has elected early adoption. Therefore, we analyze the present issue under the common language of Article 5.14(K) of the Texas Business Corporations Act and Section 21.562 of the Texas Business Organizations Code.

In support of their position, the shareholders contend Section 21.562 of the Business Organizations Code, which provides that the law of the state of incorporation governs the derivative proceeding, controls only substantive matters, and specifically excludes "procedural issues not relating to the internal affairs of the foreign corporation." Tex. Bus. Org.Code Ann. § 21.562.[11] Id. Section 21.562 goes on to identify the three precise "procedural is-

---

6. See In re CSX Corp., 124 S.W.3d 149, 152 (Tex.2003) (per curiam) (orig.proceeding) (stating that Texas procedural rules define the scope of discovery).

7. See PennWell Corp. v. Ken Assocs., Inc., 123 S.W.3d 756, 763 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (stating that procedural matters are governed by the law of the forum); In re Wells Fargo Bank Minn., N.A., 115 S.W.3d 600, 605 n. 7 (Tex.App.-Houston [14th Dist.] 2003) (orig.proceeding) (stating that even when the parties contractually choose the law of a state other than the forum state, matters of remedy and procedure are governed by the law of the forum state).

8. Tex. Bus. Org.Code Ann. § 21.561 (Vernon Supp.2006).

9. Tex. Bus. Corp. Act Ann. art. 5.14(K) (Vernon 2003).

10. Because section 21.562 and article 5.14(K) are substantively the same and our analysis and disposition do not differ under each, we need not decide which statute applies. Cf. Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 419 (Tex.1984) (stating that, before undertaking choice of law analysis, the court must first determine whether there is a differ-

ence between the relevant laws); St. Paul Surplus Lines Ins. Co. v. Geo Pipe Co., 25 S.W.3d 900, 903 n. 2 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (stating that in absence of a true conflict, we do not undertake a choice of law analysis).

11. The Texas Business Corporations Act provides:

K. In derivative proceeding brought in the right of a foreign corporation, the matters covered by this Article are governed by the laws of the jurisdiction of incorporation of the foreign corporation, except for Sections D, I, and J of this Article, which are procedural and not matters relating to the internal affairs of the foreign corporation. Tex. Bus. Corp. Act Ann. art. 5.14(K).
The Texas Business Organizations Code similarly provides;

(a) In a derivative proceeding brought in the right of a foreign corporation, the matters covered by this subchapter are governed by the laws of the jurisdiction of incorporation of the foreign corporation, except for Sections 21.555, 21.560, and 21.561, which are procedural provisions and do not relate to the internal affairs of the foreign corporation. Tex. Bus. Org.Code § 21.562(a).

sues not relating to the internal affairs of the foreign corporation" that it contemplates. None of the specified procedural matters has any bearing on this dispute. *Id.*[12]

 The shareholders further rely on *Moonlight Investments, Ltd. v. John* as dispositive of this of this proceeding. 192 S.W.3d 890 (Tex.App.-Eastland 2006, pet. denied). The shareholders' reliance on that case is misplaced, however. *Moonlight Investments* involved a derivative action to which Maryland substantive law applied. *Id.* at 891. Under Maryland law (as here), the shareholder is required to make a presuit demand on the corporation's board of directors or plead that such demand would be futile. *Id.* at 891–92 (citing *Werbowsky v. Collomb*, 362 Md. 581, 766 A.2d 123 (2001)). The trial court dismissed the case for failure to plead sufficiently demand futility prior to giving the plaintiff an opportunity to amend its petition. *Id.* at 891. The court of appeals held that although a dismissal would have been the proper *remedy* under Maryland law, the appropriate *procedure* under Texas law would have been to sustain special exceptions based on the defective pleadings and allow the plaintiff the opportunity to replead. *Id.* at 893–94.[13] Here, Crown

Castle argued to the trial court that the proper procedure would be to allow the shareholders to replead demand futility, and the trial court, indeed, ordered the shareholders to replead, albeit within 30 days after the discovery date. *Moonlight Investments*, therefore, is not relevant because the failure to provide the shareholders the opportunity to replead is not at issue here.

 Delaware courts hold the heightened pleading requirement for derivative suits is substantive, not simply a technical rule of pleading. *Haber v. Bell*, 465 A.2d 353, 357 (Del.Ch.1983); *see also Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991) ("In our view, the function of the demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is *a matter of 'substance,' not 'procedure.'* ") (emphasis added). Moreover, under this substantive rule, "derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility." *Beam v. Stewart*, 845 A.2d 1040, 1056 (Del. 2004); *see also Stotland v. GAF Corp.*, Civ. A. No. 6876, 1983 WL 21371, at *3 (Del.Ch. Sept.1, 1983) ("The Plaintiffs are not enti-

---

**12.** Section 21.562 excludes procedural matters under sections 21.555, 21.560, and 21.561. *See* Tex. Bus. Org.Code Ann. § 21.555 (providing for the stay of a derivative proceeding if the corporation that is the subject of such proceeding commences an inquiry into the allegations made in a demand or petition); *Id.* § 21.560 (providing for the discontinuance or settlement of derivative proceeding); *Id.* § 21.561 (providing for the payment of expenses by order of the trial court upon termination of the derivative proceeding). Article 5.14(K) likewise excludes procedural matters under sections D, I, and J of Article 5.14. *See* Tex. Bus. Corp. Act Ann. art. 5.14(D) (providing for the stay of a derivative proceeding if the corporation that is the subject of such proceeding commences an

inquiry into the allegations made in a demand or petition); *Id.* art. 5.14(I) (providing for the discontinuance or settlement of derivative proceeding); *Id.* art. 5.14(J) (providing for the payment of expenses by order of the trial court upon termination of the derivative proceeding).

**13.** Special exceptions may be used to challenge the sufficiency of a pleading. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). Under Texas law, a trial court may not dismiss a case after sustaining special exceptions without first giving the nonexcepting party an opportunity to amend its pleadings. *Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 336 (Tex.App.-Fort Worth 2005, pet. denied).

tled to take discovery in order to prove allegations of futility."). In light of well-settled Delaware law, the shareholders may not seek discovery from Crown Castle for the purpose of satisfying Delaware's heightened pleading requirement in derivative proceedings.[14] Therefore, we conclude the trial court abused its discretion in ordering Crown Castle to respond to discovery before the shareholders have met Delaware's heightened pleading requirement for demand futility.

### No Adequate Remedy by Appeal

 Crown Castle also asserts it has no adequate remedy by appeal. To determine if a party has an adequate remedy by appeal, we ask whether "any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding). The shareholders argue that Crown Castle has an adequate remedy by appeal because it (1) can set its remaining objections for a hearing and possibly convince the trial court to sustain one or more of its objections, obviating the need to respond to the document requests; and (2) eventually appeal the trial court's discovery ruling and be in no worse position than any other litigant in Texas whose discovery objections are overruled and must turn over documents in the context of litigation.

 The derivative shareholder suit is an action in which the individual shareholder steps into the shoes of the corporation and usurps the board of directors' authority to decide whether to pursue the corporation's claims.[15] Therefore, the purpose of the demand futility and heightened pleading requirements is to distinguish between strike suits motivated by the expectation of creating settlement leverage through the likelihood of expensive and time-consuming litigation discovery and suits demonstrating that the board cannot be expected to objectively pursue a reason-

---

**14.** Shareholders of Delaware corporations enjoy a qualified right to inspect the corporation's books and records. *Saito v. McKesson HBOC, Inc.*, 806 A.2d 113, 116 (Del.2002); *see also* 8 Del C. § 220 (providing requirements for shareholder to inspect corporation's books and records). A shareholder has the right to inspect the corporation's books and records if he has met certain formal requirements and the inspection is for a proper purpose. *Kaufman v. CA, Inc.*, 905 A.2d 749, 753 (Del.Ch.2006). Such inspection, when sought for evaluating a possible derivative suit, is limited to books and records required to prepare a well-pleaded complaint. *Id.* The shareholders concede that they can make a books and records inspection in Delaware and review documents to use in support of their demand futility allegations, but argue this undercuts Crown Castle's contention that using discovery in pleading particularized facts is contrary to Delaware law. However, the Delaware Supreme Court has foreclosed this argument, explaining that the general unavailability of discovery to assist the shareholder in sufficiently pleading demand futility

"does not leave plaintiffs without a means of gathering information, however .... this Court ... [has] continually advised plaintiffs who seek to plead facts establishing demand futility that the plaintiffs might successfully have used a Section 220 books and records inspection to uncover such facts." *Beam*, 845 A.2d at 1056.

**15.** *See* 8 Del. C. § 141(a) (providing that the directors are granted the authority to manage the business of the corporation; *Braddock v. Zimmerman*, 906 A.2d 776, 784 (Del.2006) (stating the demand requirement is a substantive right designed to give the corporation the opportunity to rectify an alleged wrong without litigation and control any litigation that arises); *Pogostin v. Rice*, 480 A.2d 619, 624 (Del.1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del.2000) ("[T]he derivative action impinges on the managerial freedom of directors."); *Aronson*, 473 A.2d at 812 ("[T]he demand requirement is a recognition of the fundamental precept that directors manage the business and affairs of the corporation.").

able possibility of director malfeasance on behalf of the corporation. *White v. Panic,* 793 A.2d 356, 364 (Del.Ch.2000), *aff'd,* 783 A.2d 543 (Del.2001).

The shareholders cannot use discovery to satisfy the threshold requirement that they plead particularized facts showing that demand on the board would be futile. *See Beam,* 845 A.2d at 1056. Once Crown Castle has responded to the shareholders' request for production, in the absence of sufficient pleading, it will have lost its right to avoid the burden and expense of providing the discovery. An appellate remedy is inadequate when the relator stands to lose its substantial rights. *Perry v. Del Rio,* 66 S.W.3d 239, 257 (Tex.2001). We hold that Crown Castle does not have an adequate remedy by appeal.

### Conclusion

We therefore conditionally grant Crown Castle's petition for a writ of mandamus and direct the trial court to vacate its May 8, 2007 order to the extent that it denies Crown Castle's motion for protective order and fails to stay all discovery pending the shareholders' having pleaded adequately that demand on the board of directors is excused. The writ will issue only if the trial court fails to act in accordance with this opinion.