**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part and Opinion filed September 30, 2013.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

### NO. 14-13-00238-CV

---

## IN RE HELIX ENERGY SOLUTIONS GROUP, INC., OWEN KRATZ, ANTHONY TRIPODO, BART H. HEIJERMANS, ALISA B. JOHNSON, GORDON F. AHALT, BERNARD J. DUROC-DANNER, JOHN V. LOVOI, T. WILLIAM PORTER, III, NANCY K. QUINN, WILLIAM L. TRANSIER, JAMES A. WATT, Relators

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
270th District Court
Harris County, Texas
Trial Court Cause No. 2012-26160**

---

# O P I N I O N

This mandamus proceeding arises out of a shareholder derivative action involving a Minnesota corporation whose business is based in Texas. The relators are the corporation and current and former officers and directors who seek mandamus relief in this court in connection with the trial court's denial of their motion to stay, motion to dismiss, special exceptions, and plea to the jurisdiction. The relators argue they are entitled to mandamus relief because: (1) the real party in interest, who claims to be a shareholder of the company, failed to allege with particularity in his petition that the board of directors of the corporation wrongfully refused his demand; (2) the real party in interest failed to allege in his petition that he was a shareholder at the time of the transaction of which he complains; (3) the trial court abused its discretion in denying the relators' plea to the jurisdiction because the real party's failure to plead the two foregoing matters means that he does not have standing to bring a derivative action, thus depriving the trial court of subject-matter jurisdiction; and (4) the trial court abused its discretion in denying the relators' motion to stay the derivative action in the underlying case in favor of a first-filed federal derivative action. We find merit in the first two arguments and conclude that the trial court abused its discretion to the extent it denied the relators' special exceptions regarding the sufficiency of the real party's pleading in these two respects. We conclude that the third and fourth arguments lack merit and deny the remainder of the relators' requested mandamus relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Relator Helix Energy Solutions Group, Inc. ("Helix") is a Houston-based energy company incorporated in Minnesota. Relators Owen Kratz, Anthony

Tripodo, Bart H. Heijermans, Alisa B. Johnson, Gordon F. Ahalt, Bernard J. Duroc-Danner, John V. Lovoi, T. William Porter, III, Nancy K. Quinn, William L. Transier, and James A. Watt (hereinafter collectively "the Individuals") are current and former officers and directors of Helix. Real party in interest Mark Lucas has pleaded that he has been a shareholder of Helix since 2010. Lucas has asserted outside of his pleadings that he has been a shareholder of Helix since 2006.

### The Dodd-Frank Act

The Dodd–Frank Wall Street Reform and Consumer Protection Act, ("Dodd Frank"), was enacted on July 21, 2010. *See* Pub. L. No. 111-203, 124 Stat. 1376 (2010). Under Dodd–Frank, at least once every three years, a proxy or consent or authorization for an annual or other meeting of the shareholders of a publicly-traded company must include a separate resolution subject to shareholder vote to approve the compensation of executives. 15 U.S.C. § 78n–1(a). These shareholder votes are often referred to as "say-on-pay votes." *See Raul v. Rynd*, —F.Supp.2d—,—, 2013 WL 1010290, at *8 (D. Del. Mar. 14, 2013). Dodd–Frank provides that these say-on-pay votes "shall not be binding" on a company or its board of directors, and "may not be construed" in any of the following ways: (1) "as overruling a decision" by the company or its board of directors; (2) "to create or imply any change to the fiduciary duties" of the company or its board of directors; (3) "to create or imply any additional fiduciary duties" for the company or its board of directors; or (4) "to restrict or limit the ability of shareholders to make proposals for inclusion in proxy materials related to executive compensation." 15 U.S.C. § 78n–1(c).

3

*Helix Shareholders' Say-on-Pay Vote*

Helix filed a Form 8-K with the Securities and Exchange Commission on May 13, 2011, reporting the results of its annual shareholder meeting, including Helix's first say-on-pay vote. In this say-on-pay vote regarding the 2010 compensation of Helix executive officers, shareholders cast 27,842,921 votes for and 59,156,767 votes against this compensation. Accordingly, the shareholders did not approve the 2010 compensation of Helix's executive officers.

*Federal Derivative Action*

A few months after the say-on-pay vote, the City of Sterling Heights Police & Fire Retirement System ("the Retirement System") filed a shareholder's derivative suit against the Individuals in the United States District Court for the Southern District of Texas, seeking to assert claims by Helix against the Individuals for breach of fiduciary duty and unjust enrichment ("the Federal Action"). In its complaint, filed on July 8, 2011, the Retirement System alleged that historically the Helix Board has represented to shareholders that it follows a company-wide pay-for-performance compensation policy. The Retirement System alleged that in 2010, Helix's net revenue, gross profits, operating profit, net earnings, and earnings per share declined from 2009 levels. According to the Retirement System, the say-on-pay vote of the Helix shareholders is "direct and probative evidence underscoring the fact that the 2010 executive compensation was not in the shareholders' best interests, and therefore a breach of [the duty of] loyalty."

4

The Retirement System did not make a pre-suit demand on Helix's board of directors that the board assert these claims of Helix against the Individuals. Instead, the Retirement System alleged that making such a demand would have been futile. Shortly after the suit was filed, the defendants filed a motion to dismiss the Federal Action on the grounds that the Retirement System had failed to plead particularized facts establishing demand futility and had failed to state a claim upon which relief could be granted. The Retirement System moved for a voluntary dismissal of its derivative action, but the federal district court denied this motion. The federal district court heard argument on Helix's motion to dismiss in October 2011, but there is no indication in our mandamus record that the federal court has ruled on the motion.

### *Lucas's Demand on the Helix Board of Directors*

Lucas sent a letter to the Helix Board of Directors (hereinafter "the Board") containing a demand by Lucas under Rule 23.09 of the Minnesota Rules of Civil Procedure. In this letter, dated September 28, 2011, Lucas demanded that the Board undertake an independent internal investigation into whether the Individuals violated Minnesota or federal law. Lucas also demanded that the Board commence a civil action against the Individuals to recover for the benefit of the Company the damages allegedly sustained by Helix as a result of the Individuals' alleged breaches of their respective fiduciary duties.

Shortly thereafter, on October 7, 2011, Lucas's counsel received a letter from relator Porter on behalf of the Board in which Porter acknowledged receipt of the demand. According to Lucas, the Board has failed to provide any substantive

response to the demand, and this non-response is a "functional refusal" of the demand.

## *Harris County Derivative Action*

Approximately seven months after sending his demand letter to the Board, Lucas, derivatively on behalf of Helix, brought suit against the Individuals as defendants and Helix as the nominal defendant in a derivative action in the 270th District Court of Harris County ("the State Action"). In the State Action, filed on May 4, 2012, Lucas seeks to assert claims by Helix against the Individuals for breach of their fiduciary duties and unjust enrichment. In his petition, Lucas asserts that in 2010, Helix's net revenue, gross profits, operating profit, net earnings, and earnings per share declined from 2009 levels. Lucas alleges that historically the Helix Board has represented to shareholders that it follows a company-wide pay-for-performance compensation policy. Lucas cites the shareholders' say-on-pay vote as evidence that 2010 stock option increases[1] were not in the shareholders' best interests and that the Board was not paying for performance. In his live pleadings, Lucas asserts that, in his September 28, 2011 letter, he made demand on the Board under Rule 23.09 of the Minnesota Rules of Civil Procedure. Lucas alleges that the Board's failure to provide any substantive respond to this demand constitutes a "functional refusal" of it.

## *The Motions in the State Action*

---

[1] The Individuals assert that the compensation to which Lucas refers is a "stock grant" rather than a "stock option grant." In adjudicating this original proceeding, we need not and do not determine which characterization is correct.

Helix and the Individuals (hereinafter "the Helix Parties") filed a "Motion to Stay, Motion to Dismiss, Special Exceptions, and Plea to the Jurisdiction" in which they asserted that the State Action should be stayed in favor of the first-filed Federal Action. In the alterative, the Helix Parties asserted a motion to dismiss, special exceptions, and a plea to the jurisdiction based upon Lucas's failure to allege in his pleadings particularized facts showing that the Board wrongfully refused his demand. The Helix Parties also asserted special exceptions and a plea to the jurisdiction based upon Lucas's failure to allege in his petition that he was a shareholder of Helix at the time of the transaction of which he complains. The Helix Parties argued that, based upon these pleading defects, Lucas lacks standing to assert the derivative claims and therefore the trial court lacks subject-matter jurisdiction over these claims. The trial court denied the Helix Parties' "Motion to Stay, Motion to Dismiss, Special Exceptions, and Plea to the Jurisdiction."

In their mandamus petition, the Helix Parties ask this court to compel the respondent, the Honorable Brent Gamble, presiding judge of the 270th District Court of Harris County, to (1) vacate his order denying the relators' motion to stay, motion to dismiss, special exceptions, and plea to the jurisdiction, and (2) grant their motion to stay, motion to dismiss, special exceptions, or their plea to the jurisdiction. The Helix Parties argue they are entitled to mandamus relief because: (1) Lucas failed to allege with particularity in his petition that the Board wrongfully refused his demand; (2) Lucas failed to allege in his petition that he was a shareholder at the time of the transaction of which he complains; (3) the trial court abused its discretion in denying the Helix Parties' plea to the jurisdiction

7

because the real party's failure to plead the two foregoing matters means that he does not have standing to bring a derivative action, thus depriving the trial court of subject-matter jurisdiction; and (4) the trial court abused its discretion in denying the relators' motion to stay the State Action in favor of the first-filed Federal Action.

## II. MANDAMUS STANDARD

To be entitled to mandamus relief a relator generally must show that the trial court abused its discretion and that there is no adequate remedy at law, such as by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). On mandamus review of factual issues, a trial court will be held to have abused its discretion only if the party requesting mandamus relief establishes that the trial court could have reached but one decision (and not the decision it made). *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). Mandamus review of issues of law is not deferential. A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law to the facts. *In re Cerberus Capital Mgmt.*, 164 S.W.3d 379, 382 (Tex. 2005).

## III. ANALYSIS

**A. Did the trial court abuse its discretion in denying the Helix Parties' motion to stay the State Action in favor of the Federal Action?**

In their second issue, the Helix Parties assert that the trial court abused its discretion in failing to stay the State Action in favor of the first-filed Federal Action. When an action is pending in a federal court or in a court of another state, the trial court in the later-filed case should consider whether that case should be

8

stayed under the doctrine of comity. *See In re Old American County Mut. Fire Ins. Co.*, No. 03-12-00588-CV, 2012 WL 6699052, at *2 (Tex. App.—Austin Dec. 20, 2012, orig. proceeding) (mem. op.); *In re BP Oil Supply Co.*, 317 S.W.3d 915, 918–19 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). When a matter is first filed in federal court, the general rule is that Texas state courts stay the later-filed proceeding pending adjudication of the first suit. *See In re AutoNation, Inc.*, 228 S.W.3d 663, 670 (Tex. 2007) (orig. proceeding); *In re Old American County Mut. Fire Ins. Co.*, 2012 WL 6699052, at *2. If the later action is stayed, it remains pending until the judgment in the first-filed action becomes final. *See In re BP Oil Supply Co.*, 317 S.W.3d at 919.

A resolution of whether the trial court abused its discretion in declining to stay the State Action demands a close inspection of the two pending actions. *See id.* To obtain a stay of the later action, as a general rule, it is necessary that the two suits involve the same claims, concern the same subject matter, involve the same issues, and seek the same relief. *See id.* One test to determine whether the claims are identical is to ascertain whether the parties could obtain all the relief in the prior suit that they would be entitled to receive in the subsequent action. *See id.* Additional factors include, but are not limited to, (1) which action was filed first; (2) whether the parties are the same in both actions; and (3) the effect of a judgment in the later action on any order or judgment entered in the prior action. *Id.*

9

The Federal Action was filed first. The two shareholder derivative suits involve the same defendants and similar claims against these defendants based upon the 2010 compensation of Helix executives. But, the plaintiff in each action is different. The Retirement System is the only plaintiff in the Federal Action, and Lucas is the only plaintiff in the State Action. The Helix Parties assert that this difference is not important because each plaintiff seeks to assert claims that belong to Helix by means of a derivative action, and therefore Helix really should be considered the plaintiff in both cases. We disagree.

In a derivative action, the plaintiff essentially brings two claims: "one against the directors for failing to sue; the second based upon the right belonging to the corporation." *In re UnitedHealth Group Inc. Shareholder Derivative Litigation*, 754 N.W.2d 544, 550 (Minn. 2008). Though the goal of each derivative action is to assert claims of Helix against the Individuals, in each action a different alleged shareholder is making a different argument against the directors. To be able to assert derivative claims belonging to Helix, the Retirement System must demonstrate that demand on the Board would have been futile.[2] *See Connolly v. Gasmire*, 257 S.W.3d 831, 840 (Tex. App.—Dallas 2008, no pet.) (applying Delaware law). Unlike the Retirement System, Lucas waived the right to assert that demand on the Board would have been futile by making demand on the Board. *See Scattered Corp. v. Chicago Stock Exchange, Inc.*, 701 A.2d 70, 74 (Del. 1997), *disapproved on other grounds by*, *Brehm v. Eisner*, 746 A.2d 244, 253 (Del. 2000).

---

[2] As explained below, we conclude that Minnesota courts would follow Delaware law in this area, and therefore we analyze the demand issues under Delaware law.

Thus, in the Federal Action, the main basis for the Helix Parties' motion to dismiss is that the Retirement System allegedly failed to plead sufficient facts to show that demand on the Board by the Retirement System would have been futile. But, there is no issue in the State Action as to whether a demand on the Board by Lucas would have been futile. As discussed in more detail below, for Lucas to be able to assert derivative claims belonging to Helix, Lucas must plead with particularity facts that create a reasonable doubt that the Board reasonably and in good faith conducted its investigation of the claims set forth in his demand. *See Scattered Corp.*, 701 A.2d at 73.

If the district court in the Federal Action dismisses the claims based only on the Helix Parties' demand-futility argument, then no issue relating to the State Action will be determined. Moreover, the district court in the Federal Action is not in a position to adjudicate whether, in the State Action, Lucas has pleaded with particularity facts that create a reasonable doubt that the Board conducted its investigation of the claims set forth in his demand reasonably and in good faith. In sum, even though each plaintiff seeks to assert claims belonging to Helix, the plaintiff in the Federal Action is different from the plaintiff in the State Action, and the issues for the courts to decide are different. The two actions do not involve the same claims and the same issues.

After a close inspection of the two pending actions under the applicable legal standard, we conclude that the trial court did not abuse its discretion by denying the Helix Parties' motion to stay. *See In re Old American County Mut. Fire Ins. Co.*, 2012 WL 6699052, at *2; *Ashton Grove, L.C. v. Jackson Walker,*

11

*L.L.P.*, 366 S.W.3d 790, 794–96 (Tex. App.—Dallas 2012, no pet.). Accordingly, we overrule the Helix Parties' second issue.

**B.      Did the trial court abuse its discretion by denying the Helix Parties' special exceptions based upon Lucas's failure to plead particularized allegations regarding the Board's alleged wrongful refusal of his demand?**

Under their first issue, the Helix Parties argue that they are entitled to mandamus relief because Lucas failed to plead particularized allegations showing that the Board wrongfully refused his demand. Because Helix is a Minnesota corporation, Minnesota law governs the issue of the sufficiency of Lucas's pleadings regarding his demand on the Board. *See* Tex. Bus. Orgs. Code Ann. §§ 21.559, 21.562 (West 2013). Therefore, Rule 23.09 of the Minnesota Rules of Civil Procedure for District Courts applies in the State Action. *See id.* This rule, entitled "Derivative Actions by Shareholders or Members," provides in pertinent part, as follows:

> In a derivative action brought by one or more shareholders . . . to enforce a right of a corporation . . . , the corporation . . . having failed to enforce a right which may properly be asserted by it, the complaint shall allege that the plaintiff was a shareholder . . . at the time of the transaction of which the plaintiff complains or that the plaintiff's share . . . thereafter devolved on the plaintiff by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

12

Minn. R. Civ. P. 23.09 (West 2013). Research has not revealed, and the parties have not cited, any Minnesota state court decision addressing what level of pleading this rule requires of a derivative-action plaintiff regarding demand on the corporation's board of directors. Today, this Texas court must decide this Minnesota issue of first impression.

Shareholder derivative actions are relatively rare in Minnesota, and Minnesota courts often look to the decisions of Delaware courts for guidance in this area. *See In re Xcel Energy*, 222 F.R.D. 603, 606 (D. Minn. 2004). We note that the pertinent text of the Minnesota rule is substantially similar to the text of Delaware Chancery Court Rule 23.1(a). *Compare* Minn. R. Civ. P. 23.09, *with* Del. Ct. Ch. R. 23.1(a) (West 2013). We conclude that Minnesota courts would follow Delaware law in this area, and therefore we analyze these issues under Delaware law.[3] *See id*.

Under the circumstances of this case, for Lucas's lawsuit to go forward, Delaware law requires that Lucas plead with particularity facts showing that the Board wrongfully refused his demand. *See Scattered Corp.*, 701 A.2d at 73. Courts determine whether Lucas's demand was wrongfully refused by reviewing the Board's actions under traditional business-judgment rule standards, which call for the examination of the Board's disinterest and independence and the good faith and reasonableness of its investigation. *See id*. By making a demand, Lucas tacitly conceded the disinterest and independence of the Board; therefore, in this

---

[3] Both the Helix Parties and Lucas argue that Minnesota courts would follow Delaware law in this area.

context, the only issues to be decided are the good faith and reasonableness of the Board's investigation of the claims articulated in Lucas's demand. *See id.* Lucas has the burden to plead particularized facts that create a reasonable doubt whether the Board conducted its investigation of the claims set forth in his demand reasonably and in good faith. *See id.* Though Minnesota law (which we conclude would follow Delaware law) supplies the substantive standards for the sufficiency of Lucas's pleadings, Texas law supplies the procedure to address any insufficiency in these pleadings. *See Connolly*, 257 S.W.3d at 839. Under Texas procedural law, the proper method for addressing the alleged insufficiency of Lucas's pleadings regarding his demand is by special exceptions, which the Helix Parties asserted in the trial court. *See id.*

In his live petition, Lucas makes the following allegations regarding his demand:

> 15.     In light of the events described above, on September 28, 2011, [Lucas] issued a demand (the "Demand") pursuant to Minn. R. Civ. P. 23.09 on the Board to undertake an independent internal investigation into [the Individuals'] violations of Minnesota and/or federal law, and to commence a civil action against each of the [Individuals] to recover for the benefit of [Helix] the amount of damages sustained by [Helix] as a result of their breaches of fiduciary duties. A true and correct copy of the Demand is attached hereto as Exhibit "A."

> 16.     On October 7, 2011, [Lucas's] counsel received a letter from defendant T. William Porter, III ("Porter"), acknowledging the receipt of the Demand. It has now been nearly seven months since the Board received the Demand, however, and in that time the Board has

14

failed to provide any substantive response to the Demand. The Board's non-response is a functional refusal of the Demand.

17.    Clearly, the Board's failure to properly respond to the Demand is improper under Minnesota law, and demonstrates the Board's lack of diligence and good faith. The Board has ignored the Demand, and accordingly, this derivative action should be allowed to proceed.[4]

In his petition, Lucas alleges that he made demand on the Board on September 28, 2011, and he includes this demand in his petition. Lucas alleges that nine days later, his counsel received a letter from defendant Porter acknowledging receipt of the demand. Beyond this allegation, Lucas does not plead particular facts regarding the Board's response to his demand. Lucas does make conclusory statements that (1) in the seven months since the Board received his demand, the Board has failed to provide any substantive response to the demand; (2) the Board's non-response is a functional refusal of the demand; (3) clearly, the Board's failure to properly respond is improper under Minnesota law, and demonstrates the Board's lack of diligence and good faith; and (4) the Board has ignored the demand, and therefore Lucas's derivative action should be allowed to proceed. But, such conclusory statements do not satisfy Lucas's burden to plead particular facts. *See Scattered Corp.*, 701 A.2d at 75. We conclude that, in his petition, Lucas has not satisfied his burden to plead particularized facts that create a reasonable doubt whether the Board conducted its investigation of the claims set forth in his demand reasonably and in good faith. *See id.* at 75–77; *Grimes v.*

---

[4] Lucas repeats substantially similar allegations regarding his demand in two different parts of his petition.

15

*Donald*, 673 A.2d 1207, 1220 (Del. 1996), *disapproved on other grounds by Brehm v. Eisner*, 746 A.2d 244, 253 (Del. 2000). Therefore, the trial court abused its discretion by denying the Helix Parties' special exceptions challenging Lucas's petition in this regard. *See In re Brick*, 351 S.W.3d 601, 607 (Tex. App.—Dallas 2011, orig. proceeding); *In re Denbury Res., Inc.*, No.05-09-01206-CV, 2009 WL 4263850, at *1–2 (Tex. App.—Dallas Dec. 1, 2009, orig. proceeding) (mem. op.); *Connolly*, 257 S.W.3d at 848.

The Helix Parties assert they have no adequate remedy at law. To determine if a party has an adequate remedy at law, we ask whether the benefits of mandamus review outweigh the detriments, and if they do, we make a practical and prudential determination as to whether the remedy at law is adequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). Derivative actions impinge on the managerial freedom of directors. *Grimes*, 673 A.2d at 1215. The demand requirement recognizes the importance of the fundamental precept that directors manage the business and affairs of the corporation. *Id.* Thus, the requirement that Lucas plead particularized facts that create a reasonable doubt whether the Board conducted its investigation of the claims set forth in his demand reasonably and in good faith is an important one. *See Scattered Corp.*, 701 A.2d at 73–75; *Grimes*, 673 A.2d at 1215–17. Under Delaware law, a plaintiff in a derivative suit is not entitled to discovery to assist compliance with the particularized pleading requirement regarding demand on the board of directors. *See Scattered Corp.*, 701 A.2d at 77. A plaintiff's ability to assert derivative claims must be determined on the basis of the well-pleaded allegations of the plaintiff's

petition. *See id.* A trial court abuses its discretion if it orders derivative-action defendants to respond to discovery over their objection that discovery is premature because the plaintiff has not yet satisfied the heightened pleading requirement regarding demand on the board of directors. *See In re Crown Castle Int'l Corp.*, 247 S.W.3d 349, 354–55 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). We conclude that the benefits of mandamus review outweigh the detriments, and our practical and prudential determination is that the Helix Parties have no adequate remedy at law.[5] *See In re Brick*, 351 S.W.3d at 607; *In re Denbury Res., Inc.*, 2009 WL 4263850, at *1–2; *In re Crown Castle Int'l Corp.*, 247 S.W.3d at 355.

For the foregoing reasons, we sustain the first and third issues to the extent that the Helix Parties assert the trial court abused its discretion by denying their special exceptions challenging the sufficiency of the allegations in Lucas's petition regarding the Board's action in response to Lucas's demand[6] and to the extent that

---

[5] Lucas cites *Hooks v. Fourth Court of Appeals* for the proposition that "[a]bsent extraordinary circumstances not present here, a denial of a motion to dismiss or a plea in abatement is a ruling incident to the ordinary trial process which will *not* be corrected by mandamus, but by the legal remedy of the ordinary appellate process." 808 S.W.2d 56, 59 (Tex. 1991). Presuming for the sake of argument that this statement of law is still valid after the Supreme Court of Texas's opinion in *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding), we conclude the case is not on point because we are addressing special exceptions rather than a motion to dismiss or plea in abatement.

[6] The Helix Parties also assert that the trial court abused its discretion by denying their motion to dismiss based upon the deficiencies in Lucas's pleading, but under Texas procedural law, the proper remedy for this deficiency is to sustain the Helix Parties' special exceptions and give Lucas an opportunity to amend his pleadings before dismissing the case. *See In re Brick*, 351 S.W.3d at 607–08; *In re Denbury Res., Inc.*, 2009 WL 4263850, at *1–2; *Connolly*, 257 S.W.3d

the Helix Parties assert there is no adequate remedy at law regarding this error. *See In re Brick*, 351 S.W.3d at 607; *In re Denbury Res., Inc.*, 2009 WL 4263850, at *1–2; *Scattered Corp.*, 701 A.2d at 76–77; *Grimes*, 673 A.2d at 1220.

## C. Did the trial court abuse its discretion by denying the Helix Parties' special exceptions based upon Lucas's failure to plead he was a Helix shareholder at the time of the transaction of which he complains?

Under Rule 23.09 of the Minnesota Rules of Civil Procedure for District Courts, Lucas must allege in his petition that Lucas "was a shareholder . . . at the time of the transaction of which [Lucas] complains or that [Lucas's] share . . . thereafter devolved on [Lucas] by operation of law." Minn. R. Civ. P. 23.09. Under their first issue, the Helix Parties also argue that they are entitled to mandamus relief because Lucas failed to satisfy this pleading requirement.

Lucas asserts that he satisfied this requirement by pleading that he "is a shareholder of Helix and has been continuously throughout the Relevant Period." The "Relevant Period" is a term defined in Lucas's petition to mean "from 2010 to the present." Thus, Lucas has pleaded that he continuously has been a Helix shareholder from 2010 to the present.[7] But, the conduct about which Lucas complains is not limited to conduct during the "Relevant Period." In some parts of

---

at 839. Therefore, the trial court abused its discretion in overruling these special exceptions. Nonetheless, at this juncture, we cannot conclude the trial court abused its discretion by denying the Helix Parties' motion to dismiss. *See In re Brick*, 351 S.W.3d at 607–08; *In re Denbury Res., Inc.*, 2009 WL 4263850, at *1–2;*Connolly*, 257 S.W.3d at 839.

[7] Outside of his pleadings, Lucas has asserted that he has been a shareholder of Helix since 2006. But these allegations are not part of Lucas's pleadings.

18

Lucas's petition, he limits the time frame of the Individuals' allegedly actionable conduct to the "Relevant Period," but in other parts of the petition, the time frame is not so limited. Notably, the Helix Parties assert that some of the 2010 compensation of which Lucas complains was approved by Helix's Compensation Committee in 2009. Consequently, though Lucas has pleaded that he has been a Helix shareholder since 2010, the derivative claims that he seeks to assert are not limited to this time frame.

For these reasons, we conclude that Lucas has not alleged that he was a Helix shareholder at the time of the transactions or conduct of which he complains or that Lucas's Helix shares thereafter devolved on him by operation of law. Accordingly, the trial court abused its discretion by denying the Helix Parties' special exceptions challenging Lucas's petition regarding this pleading requirement.[8] *See In re Brick*, 351 S.W.3d at 607; *In re Denbury Res., Inc.*, 2009 WL 4263850, at *1–2; *Connolly*, 257 S.W.3d at 848. We also conclude that the benefits of mandamus review outweigh the detriments, and our practical and prudential determination is that the Helix Parties have no adequate remedy at law.

---

[8] The Helix Parties also assert that the trial court abused its discretion in denying the their plea to the jurisdiction because the insufficiency of Lucas's pleading means that he does not have standing to bring a derivative action, thus depriving the trial court of subject-matter jurisdiction. But, as discussed above, the trial court should have sustained the Helix Parties' special exceptions and given Lucas an opportunity to amend his pleadings to satisfy these requirements. *See In re Brick*, 351 S.W.3d at 607–08; *In re Denbury Res., Inc.*, 2009 WL 4263850, at *1–2; *Connolly*, 257 S.W.3d at 839. Thus, at this juncture, the trial court did not err by denying the Helix Parties' pleas to the jurisdiction. *See In re Brick*, 351 S.W.3d at 607–08; *In re Denbury Res., Inc.*, 2009 WL 4263850, at *1–2; *Connolly*, 257 S.W.3d at 839.

*See In re Brick*, 351 S.W.3d at 607; *In re Denbury Res., Inc.*, 2009 WL 4263850, at *1–2; *In re Crown Castle Int'l Corp.*, 247 S.W.3d at 355. Accordingly, we sustain the Helix Parties' first and third issues to the extent that they assert the trial court abused its discretion by denying their special exceptions challenging the sufficiency of the allegations in Lucas's petition regarding the share-ownership pleading requirement and to the extent that the Helix Parties assert there is no adequate remedy at law regarding this error. *See In re Brick*, 351 S.W.3d at 607; *In re Denbury Res., Inc.*, 2009 WL 4263850, at *1–2. Having addressed all of the arguments briefed by the Helix Parties in their mandamus petition, we overrule the remainder of their first and third issues.

## IV. CONCLUSION

After a close inspection of the two pending actions under the applicable legal standard, we conclude that the trial court did not abuse its discretion by denying the Helix Parties' motion to stay the State Action in favor of the first-filed Federal Action. The trial court did abuse its discretion, however, by denying the Helix Parties' special exceptions challenging Lucas's failure to satisfy his burden to plead particularized facts that create a reasonable doubt whether the Board conducted its investigation of the claims set forth in his demand reasonably and in good faith. The trial court also abused its discretion by denying the Helix Parties' special exceptions challenging Lucas's failure to plead that he was a Helix shareholder at the time of the transactions or conduct of which he complains or that Lucas's Helix shares thereafter devolved on him by operation of law. Finally, we conclude there is no adequate remedy at law and that the Helix Parties are entitled

20

to mandamus relief regarding these errors. Accordingly, we conditionally grant a writ of mandamus ordering the respondent (1) to vacate his order of February 25, 2013 to the extent that order denied the Helix Parties' special exceptions regarding the two pleading deficiencies discussed above, (2) to grant the Helix Parties' special exceptions regarding these pleading deficiencies, and (3) to give Lucas an opportunity to amend his pleadings to cure these deficiencies. We deny the remainder of the requested mandamus relief. We are confident that the respondent will take these actions. The writ will issue only if the respondent fails to do so.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Brown and Busby. (Brown, J., dissenting).