

NUMBER 13-14-00065-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE WALKER & TWENHAFEL, LLP

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion Per Curiam[1]**

On February 3, 2014, relator, Walker & Twenhafel, LLP, filed a petition for writ of mandamus and motion for emergency stay contending that the trial court abused its discretion in denying its motion to stay the underlying lawsuit based on the principle of comity. The Court has requested and received a response to the petition for writ of mandamus from the real party in interest, Roman Geronimo Martinez Mendez, and has further received a reply thereto from relator.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

As a preliminary matter, Martinez contends that the petition for writ of mandamus should be denied because relator's verification for the petition was defective. Relator has filed a corrected verification with a motion for leave to file the corrected verification. We grant leave for relator to file the corrective verification.

To be entitled to the extraordinary relief of a writ of mandamus, relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Laibe Corp.*, 307 S .W.3d 314, 316 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding); *In re Cerberus Capital Mgmt., LP.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). Mandamus is appropriate to preserve the principles of comity. *See In re BP Oil Supply Co.*, 317 S.W.3d 915, 922 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding); *see also In re Cooper Indus., LLC*, No. 14-13-00500-CV, 2013 WL 3893984, at 1 (Tex. App.—Houston [14th Dist.] July 25, 2013, orig. proceeding) (per curiam) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply, is of the opinion that relator has not shown itself entitled to the relief sought. *Ashton Grove L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 794 (Tex. App.—Dallas 2012, no pet.); *In re Helix Energy Solutions Grp., Inc.*, No. 14-13-00238-CV, 2013 WL 5470089, at *4 (Tex. App.—Houston [14th Dist.] Sept. 30, 2013, orig. proceeding). Acordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP.

P. 52.8(a).  The motion for emergency relief, which was previously carried with the case, is likewise DENIED.

PER CURIAM

Delivered and filed the
14th day of February, 2014.