**DELAWARE ASSOCIATION OF POLICE,**
Appellant-Employer,

v.

**John DONAHUE, Appellee-Employee.**

Superior Court of Delaware,
New Castle.

Nov. 20, 1972.

Stephen P. Casarino, Tybout, Redfearn & Schnee, Wilmington, for appellant-employer.

Clement C. Wood, Allmond & Wood, Wilmington, for appellee-employee.

OPINION

O'HARA, Judge.

This is an appeal by the employer from an award of the Industrial Accident Board ("Board") ordering continued payment of claimant's medication expenses stemming from an industrial accident in 1957. The Court feels that this case falls squarely within the rule enunciated by this Court in Pusey v. Reed, 258 A.2d 460 (Del.Super. 1969) and that the Board erred in its decision.

The Board found that claimant had suffered a severe head injury while employed at Camp Barnes and that, as a result of this injury, claimant suffered from traumatic epilepsy, a condition controllable by regular use of the drug Dilantin. Employer's insurance carrier paid the costs of treating claimant until the compensation was terminated by agreement of carrier and claimant's father (claimant was then a minor) effective January 7, 1959. This compensation termination agreement was filed with the Board on December 7, 1959.

In spite of the termination agreement, carrier voluntarily continued to pay claimant's medication costs after January 7, 1959 until, in December, 1971, it notified claimant that it would no longer pay for the drugs. Whereupon, claimant filed a petition for review of compensation with the Board.

The key in this case lies in the definition of "compensation" as defined in our Workmen's Compensation Act * read in conjunction with § 2361(b) of that Act. When read in this light, it is clear that "compensation" within the meaning of § 2361(b) is only those services and benefits provided "under an agreement approved by the Board, or by an award of the Board". The section further provides that "no statute of limitation shall take effect until the expiration of five years from the time of the making of the last payment for which a proper receipt has been filed with the Board". No receipt was filed for any of the drug payments in the twelve years between December, 1959, and December, 1971.

The reliance of the Board upon Judge William T. Quillen's opinion in Celanese *Plastics Co. v. Harrison,* 5278 Civil Action 1971, Letter Opinion (Feb. 12, 1972) is inapposite. In *Harrison,* the Judge held that the two year statute of limitations of § 2361(a) applied, rather than the five year limitation of § 2361(b), where it did not appear that the compensation payments were made pursuant to an agreement approved by the Board or an award of the Board. Bethlehem Shipbuilding Corporation v. Mullen, 2 W.W.Harr. 55, 119 A. 314 (Del.Super.1922), is distinguishable on the grounds that the section limiting action in effect at that time did not begin the running of the statute of limitations from the filing of a receipt with the Board but from the date of the accident. Neither is there suf-ficient evidence in the record to support a contention that employer is estopped in that claimant was lulled into inactivity and loss of standing to make a claim. Ruddy v. I. D. Griffith & Co., 237 A.2d 700 (Del. Supr.1968).

Delaware is in a distinct minority in its treatment of medical payments in situations of this type. Cf. Larson's Workmen's Compensation Law, § 78.43(b). However harsh may be the result and however restrictive we may consider the statute, the Legislature has unequivocally expressed its intent and it is for the Legislature to change the statute.

The case is remanded to the Industrial Accident Board with instructions to dismiss claimant's petition as barred by 19 Del.C. § 2361(b) with costs to appellant.

It is so ordered.

---

* " 'Compensation' wherever the context requires it, includes surgical, medical and hospital services, medicines and supplies, and funeral benefits, provided for in this chapter;" 19 Del.C. § 2301.