**Victor STARUN, Claimant-Appellant,**

v.

**ALL AMERICAN ENGINEERING CO., Employer-Appellee.**

Supreme Court of Delaware.

Submitted Oct. 22, 1975.

Decided Nov. 24, 1975.

John E. Babiarz, Jr., Biondi & Babiarz, P. A., Wilmington, for claimant-appellant.

Robert W. Ralston, Prickett, Ward, Burt & Sanders, Wilmington, for employer-appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this workmen's compensation case Claimant appeals from an order of the Superior Court affirming a decision by the Industrial Accident Board; the Board denied compensation on the ground that it was barred by the Statute of Limitations.

I

On November 2, 1968, Claimant was injured in an accident in the course of his employment. He lost no time from work but began a course of medical treatment which continues, apparently, to the present time. The Employer, through its Insurance Carrier, paid all expenses for such treatments until November 20, 1971.[1] On

1. For present purposes we regard the Employer and its Carrier as the same person.

March 21, 1973, the Carrier advised Claimant that it would make no further payments. There was not a written agreement between the Claimant and the Carrier and no agreement, receipt or other document, with respect to the injury or the medical expenses, had been filed with the Board.

On July 19, 1973, Claimant filed a petition with the Board seeking payment of medical expenses arising out of the accident. The Employer pleaded the Statute of Limitations and the Board dismissed the petition. The Superior Court affirmed.

## II

The pertinent Limitations Statute, 19 Del.C. § 2361, provides:

"(a) In case of personal injury, all claims for compensation shall be forever barred unless, within 2 years after the accident, the parties have agreed upon the compensation as provided in § 2344 of this title, or unless, within 2 years after the accident, 1 or more of the interested parties have appealed to the Board as provided in § 2345 of this title.
. . .

(b) Where payments of compensation have been made in any case under an agreement approved by the Board or by an award of the Board, no statute of limitation shall take effect until the expiration of 5 years from the time of the making of the last payment for which a proper receipt has been filed with the Board."

Employer argues that the parties had not agreed upon compensation, that an agreement had not been approved by the Board and, therefore, the two-year Statute applies. Consequently, continues the Employer, the claim is barred because it was not filed within the two-year period beginning November 2, 1968 (the date of injury). Relying on Delaware decisions, that rationale was accepted by the Superior Court.

Our analysis of the record and the law persuades us that such a result is both unjust and at odds with the Statute.

■ Given the fact that Claimant was injured in an industrial accident and that the Carrier paid his medical expenses for more than three years, the only reasonable conclusion is that the Carrier considered itself obliged to do so under the Act. And since Claimant accepted the benefit of such payments, it follows that the parties had reached "an agreement in regard to compensation . . . in accordance with the provision of" the Act.[2]

We recognize that some of our cases have characterized payments by a carrier under similar circumstances as "voluntary", and so they may be if the term is used to indicate the absence of a Board order. See *Delaware Association of Police v. Donahue*, Del.Super., 298 A.2d 342 (1972), and compare *Pusey v. Reed*, Del. Super., 258 A.2d 460 (1969). But certainly they are not gratuitous or unconstrained in the sense that they have no reference to the Act. In a word, they are not gifts flowing merely from a generosity of spirit by a carrier. An industrial accident followed by payment of medical expenses by the carrier for the employer for three years points inevitably, not to a gift, but to the Compensation Act.

Once a § 2344 agreement has been made, that Statute requires that a "memorandum of such agreement . . . shall be filed with the Board." And Board Rule 20 directs that:

"An insurance carrier for the employer . . . shall enter into an agreement

2. 19 Del.C. § 2344 provides, in pertinent part: "If the employer and the injured employee, . . . reach an agreement in regard to compensation or other benefits in accordance with the provisions of this chapter, a memorandum of such agreement signed by the parties in interest, shall be filed with the Board, and if approved by it, shall be final and binding unless modified . . . ." Medical expenses are included in the statutory definition of "compensation". 19 Del.C. § 2301(4).

. . . within fifteen (15) days after a compensable injury unless liability is denied, in which case Rule No. 4 shall apply. Such agreement must be filed with and approved by the Board."

Board Rule 4 requires that notice of a denial of liability be given to an injured employee.

 In our view, the burden of complying with § 2344 by filing a memorandum of agreement with the Board rests, at least in the first instance, on an employer and/or its carrier. Placing that obligation upon the employer/carrier, and not upon a claimant, is eminently fair and practical since the carrier is, presumably, a qualified professional entity working routinely in the administration of Compensation Act coverage. Ordinarily, at least, an employee has little or no experience in such matters. And if an employer/carrier does not file a § 2344 memorandum of agreement with the Board or give Rule 4 notice of a denial of liability to an injured employee, it may not capitalize on either default.

Here, Claimant filed a petition for compensation on July 19, 1973, which was within the five-year period permitted by § 2361(b).. For present purposes we regard that time as beginning to run on the date the last medical payment was made. It follows that the appeal was timely and, for that reason, the judgment of the Superior Court must be reversed.

The Employer relies upon such cases as *Delaware Association of Police v. Donahue* supra and *Pusey v. Reed* supra, which the Court below considered binding upon it. While each case is necessarily bottomed on its own facts, to the extent those cases apply a different interpretation of § 2361, they are overruled. ·

The Carrier and the Court below also rely on *Bryan v. Divita,* 315 C.A. 1972 (N.C.C.), affirmed by this Court as No. 12, 1973; but that case is distinguishable because the claimant sought to have the limitations period tolled by a single payment of $7.00 made two and a half years after the accident.

Reversed.