**NEW CASTLE COUNTY,**
**Employer-Appellant,**

v.

**Richard M. GOODMAN,**
**Employee-Appellee.**

Supreme Court of Delaware.

Submitted: April 11, 1983.
Decided: May 25, 1983.

Colin M. Shalk (argued), of Tybout, Redfearn, Casarino & Pell, Wilmington, for employer-appellant.

Michael Weiss (argued), of Kimmel & Spiller, Wilmington, for employee-appellee.

Before HERRMANN, C.J., McNEILLY and CHRISTIE, JJ.

McNEILLY, Justice.

Employer appeals a judgment of the Superior Court upholding the Industrial Accident Board's award of workmen's compensation benefits to claimant.

There is no dispute of fact. Claimant sustained an injury on June 9, 1977 during the course and scope of his employment.

As a result of this injury claimant missed work on June 10, 11 and 12, 1977. The employer paid two injury related medical bills for claimant totaling $17.50 for one in June, 1977 and a further $20.00 medical bill in May, 1978. The injury of June 7, 1977 has resulted in claimant's disability since September 10, 1981.

■ The first issue raised in the appeal is whether claimant's suit, filed on August 20, 1981, comes within the five year statute of limitations' period provided in 19 *Del.C.* § 2361(b) which provides:

"Where payments of compensation have been made in any case under an agreement approved by the Board or by an award of the Board, no statute of limitation shall take effect until the expiration of 5 years from the time of the making of the last payment for which a proper receipt has been filed with the Board."

In *Starun v. All American Engineering Co.,* Del.Supr., 350 A.2d 765 (1975), this Court had occasion to construe § 2361(b) and held that the payment of an employer's medical expenses by the carrier for the employee for three years constituted an agreement within the meaning of § 2361(b). The decision in *Starun* turned on our conclusion that where the facts indicate that the employer or its carrier made a payment under a feeling of compulsion, then an agreement within the meaning of § 2361(b) had arisen. In

that the *Starun* decision makes it clear that each case is bottomed on its own facts, the narrow issue before us is whether the facts of the instant case show that payment was made under a feeling of compulsion.

Relying heavily on our unreported decision in *Boult v. General Motors Corporation,* Del.Supr., 452 A.2d 648, 1982, McNeilly, J. (June 8, 1982) (ORDER) the employer contends that its actions did not amount to an agreement within the meaning of § 2361(a), and as such the suit is governed by the two-year limitations' period of § 2361(b) which results in the suit being time barred. Claimant argues that the employer's actions amounted to an agreement triggering § 2361(a) and the facts in *Boult* are distinguishable.

We note at the outset that under the former version of Supreme Court Rule 17(a) this Court would not entertain arguments based on decisions issued in order form in that they were deemed to have no precedential effect. However, under a newly amended version of Rule 17(a),[1] litigants before this Court may cite Orders as precedent so long as they comply with the dictates of Rule 14(b)(vi).[2]

■ Turning to the merits of the argument, we find in favor of the claimant. As in *Starun* the employer in the instant case paid the injury related medical bills of an employee. These payments were made to a

---

1. Supreme Court Rule 17(a) as amended, provides:

All decisions finally determining or terminating a case shall be made by written opinion, except that a case may be finally determined or terminated by written order if the decision is deemed to be without precedential value, and:

(i) The issue on appeal is controlled by settled Delaware law;

(ii) The issue on appeal is factual and there is sufficient evidence to support the jury verdict or findings of fact below; or

(iii) The issue on appeal is one of judicial discretion and there was no abuse of discretion.

Nothing herein shall prevent dispositions by order in special procedures including, but not limited to, those provided under Rules 18, 25, 26, 27, 29, 41, 42, 43 and those relating to convening the Court en Banc. The text of an

order under this rule or under Rule 25(a) or under Rule 25(b) shall not be published.

2. Supreme Court Rule 14(b)(vi) as amended provides:

The argument shall be divided under appropriate headings distinctly setting forth separate points. Each such division shall be further divided into 2 parts: The first shall state the standard and scope of review applicable to the issue; the second shall state the merits of the argument. The style of citations shall be as provided in paragraph (g) of this rule. If an opinion or order which is unreported or not yet reported is cited, a copy thereof shall be attached to the brief, and it shall be appropriately identified with a sufficient statement of the facts to demonstrate the pertinency of the case to the matter before the Court.

third party and were in part for treatment which was received almost one year after the accident. In our view these facts are evidence that the employer or its carrier felt compelled to make the payments, and as such the five year limitations' period of § 2361(b) was triggered.

The decision in *Boult* is distinguishable from the instant case in that there was simply no evidence that the employer or its carrier felt compelled to make payments on behalf of the employee. In *Boult* claimant was merely given some medication and several heat treatments by a nurse at the employer's infirmary. This treatment lasted only eight days from the date of the accident, and there was never any payment made by the employer or its carrier on behalf of the employee to a third party.

■■■■ Employer's second contention is that claimant is not entitled to payments under 19 *Del.C.* § 2324[3] because he has not met the three day threshold requirement of 19 *Del.C.* § 2321.[4] We find this argument without merit.

In this Court's recent decision in *Smith v. Feralloy Corporation,* Del.Supr., 460 A.2d 516 (1983) we held that in order to recover loss of earnings for disability under § 2321 a claimant must show that he was incapacitated for a period of 3 days from earning full wages. In footnote one of that opinion we stated:

"What is not clear from the statute is whether the three days must occur at the

time of the injury. We are mindful of the situation where the employee is injured but the injury does not cause him to miss work until sometime later when unforeseen complications arise. However, since the instant claimant did not miss anytime from work due to his hearing problem, this issue is not before us and we therefore decline to address it."

In that compensation does not begin until the fourth day of disability unless the incapacity extends to seven days and these times occurred much later than when claimant was first injured and first missed work, the issue raised in footnote one of *Smith* is now before us.

Section 2321 is silent as to when the threshold period must take place, and as such it falls upon us to construe the statute *Kofron v. Amoco Chemicals Corp.,* Del. Supr., 441 A.2d 226, 230 (1982). We construe the Delaware Workmen's Compensation Act liberally in order to fulfill its twin purposes of providing a scheme for assured compensation for work related injuries without regard to fault and to relieve employers and employees of the expenses and uncertainties of civil litigation. *General Motors Corp. v. Coulbourne,* Del.Supr., 415 A.2d 1345, 1347 (1980); *Mosley v. Bank of Delaware,* Del.Supr., 372 A.2d 178, 179–180 (1977). In this context, we find that the threshold requirements of § 2321 do not have to be fulfilled at the time of the accident but can be met at anytime during

---

**3.** 19 *Del.C.* § 2324 provides:

For injuries resulting in total disability occurring after July 1, 1975, the compensation to be paid during the continuance of total disability shall be 66⅔% of the wages of the injured employee, as defined by this chapter, but the compensation shall not be more than 66⅔% of the average weekly wage per week as announced by the Secretary of the Department of Labor for the last calendar year for which a determination of the average weekly wage has been made, nor less than 22²/₉% of the average weekly wage per week. If at the time of the injury the employee receives wages of less than 22²/₉% of the average weekly wage per week, then he shall receive the full amount of such wages per week, as compensation. Nothing in

this section shall require the payment of compensation after disability ceases.

**4.** 19 *Del.C.* § 2321 provides:

No compensation shall be paid for any injury which does not incapacitate the employee for a period of 3 days from earning full wages, and compensation shall begin on the fourth day of incapacity after the injury, unless the incapacity extends to 7 days, including the day of injury, or unless the incapacity is caused by the amputation of a member of the body or a part thereof, or unless the incapacity results in the hospitalization of the employee. In the case of incapacity for a 7 day period, amputation or hospitalization, the employee shall not be excluded from receiving compensation for the first 3 days of incapacity.

the applicable statute of limitations' period so long as causation can be established. Any other result would mean that an employee accidently injured at work, who initially does not meet the requirements of § 2321 but does later when unforeseen complications arise, would not be entitled to compensation. This result is plainly at odds with the twin purposes of the statute. Given that claimant fulfilled the requirements of § 2321 during the applicable statute of limitations and the issue of causation having been established, we find no merit to employer's second contention.

The judgment of the Superior Court is

\*　　\*　　\*

AFFIRMED.