Dianne S. **BUCKLEY**, Employee
Below, Appellant,

v.

**DELAWARE VALLEY REHABILITATION SERVICES, INC.**, Employer
Below, Appellee.

No. 330, 1997.

Supreme Court of Delaware.

Submitted: Feb. 3, 1998.
Decided: May 1, 1998.
Rehearing en Banc: June 23, 1998.
Decided following Rehearing
en Banc: June 24, 1998.

Harvey Bernard Rubenstein, Wilmington, for Appellant.

Anthony M. Frabizzio, of Heckler & Cattie, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ., constituting the Court en Banc.

PER CURIAM:

This appeal challenges a decision of the Industrial Accident Board (the "Board") denying a petition for workers' compensation. Superior Court granted the employer's motion to affirm the Board's judgment.[1] Following oral argument, we remanded the case to the Superior Court for clarification of the factual record.[2] Having now received these supplemental findings, we reach the merits of the appeal. The Board found that the claimant failed to establish compensability, as she could not prove that three days of incapacity resulted from a work-related injury.

Our review of the Board's findings is deferential. Where the Board correctly interprets and applies the Workers' Compensation Act, our sole concern is whether substantial evidence in the record supports the Board's factual conclusions. With this in

---

1. *Buckley v. Delaware Valley Rehabilitation Services, Inc.,* Del.Super., C.A. No. 97A–01–012, 1997 WL 524131 (July 21, 1997) (ORDER).

2. *Buckley v. Delaware Valley Rehabilitation Services, Inc.,* Del.Supr., No. 330, 1997, Holland, J. (Dec. 4, 1997) (ORDER).

mind, we see no reason to reverse the denial of compensation in this case. We agree with the Superior Court that the Board's finding is supported factually and legally. Accordingly, we affirm.

### Facts and Procedural History

The injury for which the claimant seeks compensation resulted from a simple slip-and-fall. The accident took place on Thursday, October 20, 1994, at a time when Dianne S. Buckley worked as a senior consultant for Delaware Valley Rehabilitation Services, Inc. ("DVRS"). On that day, while performing an on-site job analysis for DVRS, Buckley stepped awkwardly off a curb and injured herself. She immediately felt pain in her left hip and groin, and returned home. Buckley stayed home from work on Friday, October 21, and throughout the ensuing weekend. To this extent, the facts are undisputed.

On November 21, 1995, Buckley filed with the Board a petition for compensation due. At the hearing on her petition, Buckley sought to establish compensability by proving that her work-related injury resulted in three days of incapacity, as required by Delaware's workers' compensation regime.[3] The parties besieged the Board with conflicting evidence regarding the gravity of Buckley's injury and the extent of its debilitating effects. According to Buckley, the injury left her unable to work during the following periods: the four days immediately following her accident; a full week in October, 1994, during which time she allegedly performed some of her duties from home; and, because of recurring symptoms, at various other times later in 1994 and early in 1995. DVRS countered with evidence that: Buckley was exaggerating the amount of time she was absent from work due to her injury; even while working at home, she was able to perform substantially all of her normal duties; and her complaints of lingering pain and discomfort from the injury were disingenuous.

On September 10, 1996, the Board rejected Buckley's request for compensation. Characterizing her testimony as "vague[,] ... self-serving and contrived," the Board found that Buckley failed to prove the necessary three days of incapacity. While acknowledging that Buckley spent some time working from home after her injury, the Board accepted her employer's claim that, even from home, Buckley was capable of performing her job and earning full wages. Likewise, the Board accepted the testimony of medical experts who argued that whatever time Buckley missed from work after October, 1994 was due to an unrelated injury. In the face of conflicting factual claims, the Board accepted as the more credible the employer's account of the injury and its effects.[4]

Buckley appealed to the Superior Court,[5] which granted DVRS' motion to affirm on July 21, 1997. The Superior Court deferred to the Board's factual findings, and in particular to its conclusion that Buckley was incapacitated "for at most one full day and a portion of another" as a result of her injury. Buckley now appeals to this Court, asking us to revisit the factual disputes that underlie her claim for compensation. In addition, she argues that procedural irregularities took place at the Board's hearing that compel reversal. For the reasons that follow, we disagree and affirm.

### Standard and Scope of Review

We review factual findings of the Board only to determine whether they are supported by substantial evidence,[6] i.e., "such

---

3. At the time of Buckley's accident, the Workers' Compensation Act provided, in relevant part, that "[n]o compensation shall be paid for any injury which does not incapacitate the employee for a period of three (3) days from earning full wages ...." 43 Del. Laws, c. 269, § 6(a) (1941), codified at 19 Del. C. § 2321.

4. The Board rejected as well Buckley's claim that, by the actions of its insurance carrier in paying a small portion of Buckley's medical expenses, DVRS impliedly waived the incapacity requirement. Buckley renews this argument on appeal.

5. See 19 Del. C. § 2349 (decision of the Board final unless either party appeals to Superior Court).

6. Streett v. State, Del.Supr., 669 A.2d 9, 11 (1995) (citing State v. Cephas, Del.Supr., Del.Supr., 637 A.2d 20 (1994)).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] So long as the Board's findings enjoy support in the form of satisfactory proof, and there is no error of law, the reviewing court will affirm its disposition of the case.

### Discussion

After a thorough review, we find that the decisions of the Board and the Superior Court are supported by the record. As claimant, Buckley had the burden of proving that she endured three days of incapacity due to a work-related injury.[8] Aside from her own subjective testimony, she presented testimony of a medical expert, whose diagnosis DVRS vigorously challenged via expert witnesses of its own. The fact that Buckley was unable to work on Thursday, October 24, and Friday, October 25, was uncontested. Otherwise, with competent evidence DVRS refuted each of Buckley's claims. The record contains substantial evidence suggesting that Buckley's incapacity did not persist beyond the Friday immediately following her accident. The Board's decision reflects that it accepted the employer's account of the facts as the more credible. The applicable standard of appellate review defers to the factfinder's assessment of credibility.[9]

 Buckley contends that reversal is nonetheless proper because of an alleged procedural error at the Board's hearing. Specifically, she complains that the Board wrongfully permitted its counsel to question her and certain of the medical experts. Once again, we find no ground for reversal. Although "the primary responsibility for the examination and cross-examination of witnesses [is] that of counsel,"[10] there is no indication here that the Board abused its statutory discretion to "examine persons as witnesses ... [as] necessary to enable it to effectively discharge the duties of office."[11] The record reflects that counsel's questions were properly circumscribed and did not constitute an abuse of the judicial process. The record also reflects that the testimony elicited by the Board's counsel was cumulative and did not materially affect the outcome of the case.

### Conclusion

The judgment of the Superior Court upholding the decision of the Industrial Accident Board is affirmed.

---

**7.** *Olney v. Cooch,* Del.Supr., 425 A.2d 610, 614 (1981) (quoting *Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966)). Said otherwise, substantial evidence is "more than a scintilla but less than a preponderance." *Id.* at 614 (quoting *Cross v. Califano,* D. Fla., 475 F.Supp. 896, 898 (1979)).

**8.** *See New Castle County v. Goodman,* Del.Supr., 461 A.2d 1012, 1014 (1983).

**9.** *See Johnson v. Chrysler Corp.,* Del.Supr., 213 A.2d 64, 66–67 (1965) (evaluating evidence credibility not a function of appellate court). Because Buckley failed to prove that her incapacity extended beyond Friday, October 21, we need not decide whether weekend days may count toward Section 2321's three-day incapacity requirement. Moreover, her failure to prove that she suffered an incapacity of sufficient duration disposes of her implied-contract theory of compensability. We have held that an implied agreement on compensability arises only where the employer pays under a sense of compulsion—which, as a matter of law, may exist only where the employee meets the three-day requirement. *McCarnan v. New Castle County,* Del.Supr., 521 A.2d 611, 617 (1987).

**10.** *Standard Distr. Co. v. Nally,* Del.Supr., 630 A.2d 640, 647 (1993).

